1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  JORDAN DAISY,

11          Plaintiff,

12      v.

13  RONALD HAYNES, et al.,

14          Defendants.

15

CASE NO. 3:21-CV-5709-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: January 7, 2022

16      The District Court referred this action to United States Magistrate Judge David W.

17  Christel. Plaintiff Jordan Daisy, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil

18  rights complaint under 42 U.S.C. § 1983. On November 1, 2021, the Court granted Plaintiff's

19  Application to Proceed IFP. Dkt. 4. On the same date, the Court issued an Order Declining

20  Service and Granting Leave to Amend. Dkt. 3. The Court declined to serve Plaintiff's Complaint

21  and directed him to file an amended complaint correcting certain specified deficiencies identified

22  in the Complaint. *Id*. The Court warned Plaintiff that failure to file an amended complaint or

23
24

1   adequately respond to the Order Declining Service would result in the Court recommending this

2   case be dismissed. *Id*.

3        On November 9, 2021, Plaintiff filed a Motion to Withdraw Petition, wherein he sought

4   to voluntarily dismiss his Complaint without prejudice and without paying the filing fee. Dkt. 6.

5   The Court denied Plaintiff's Motion and, in doing so, found Plaintiff remains responsible for the

6   filing fee regardless of whether he voluntarily dismisses the case because he formally requested

7   and was granted IFP status. Dkt. 7. The Court directed Plaintiff to file an amended complaint

8   consistent with the Order Declining Service or advise the Court that he does, in fact, wish to

9   dismiss this action despite the filing fee obligation. *Id*. The Court warned Plaintiff that if he

10  failed to communicate his decision by December 10, 2021, the Court would recommend the

11  action be dismissed for failure to prosecute. *Id*.

12       Plaintiff has failed to comply with the Court's orders. He has not filed an amended

13  complaint or otherwise responded to the Order Declining Service. He has also failed to respond

14  to the Court's Order on Plaintiff's Motion to Withdraw Petition. Further, as discussed in the

15  Order Declining Service, Plaintiff has failed to state a claim upon which relief can be granted.

16  *See* Dkt. 3. Therefore, the Court recommends this case be dismissed without prejudice for failure

17  to follow a Court order and failure to state a claim upon which relief can be granted.

18       As Plaintiff failed to state a claim upon which relief could be granted, the Court

19  recommends this case be considered a "strike" under 28 U.S.C. § 1915(g).

20       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

21  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

22  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

23  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

24

1    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January

2    7, 2022, as noted in the caption.

3         Dated this 17th day of December, 2021.

4

5    _____

     David W. Christel

6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24